

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

DAVID EUGENE CARR, §
 §
    Petitioner, §
 §
v. § No. 4:18-CV-831-A
 §
LORIE DAVIS, Director, §
Texas Department of Criminal §
Justice, Correctional §
Institutions Division, §
 §
    Respondent. §

**MEMORANDUM OPINION**
**and**
**ORDER**

This is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, David Eugene Carr, a state prisoner confined in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ), against Lorie Davis, director of that division, respondent. After having considered the pleadings and relief sought by petitioner, the court has concluded that the petition should be dismissed as time-barred.

**I. PROCEDURAL HISTORY**

The pleadings and documentary evidence presented by the parties reflect that in 2008 petitioner pleaded guilty pursuant to a plea agreement in Tarrant County, Texas, Case No. 1074254D, to assault with bodily injury of a family member and "true" to the repeat-offender allegation in the indictment and was

sentenced to 12 years' confinement. (01SHR 31-36.[1]) He was released on parole on October 24, 2012, and was arrested on various pre-revocation warrants and re-released in the intervening years, culminating in his transfer to an Intermediate Sanction Facility (ISF) on July 10, 2015. (Resp't's Answer Ex. B 2-3.) His parole was finally revoked on April 8, 2016, and he was returned to TDCJ custody on April 28, 2016. (Id. at 3.) The revocation resulted in the forfeiture of 2 years, 9 months, and 4 days of street time credit. (Id. at 4.) Petitioner sought administrative and state court remedies, to no avail. He filed this federal habeas petition on October 5, 2018.[2] (Pet. 10.) By way of the petition, he seeks credit for his street time. (Id. at 6-7.) Respondent asserts that the petition is time-barred or, in the alternative, wholly unexhausted. (Resp't's Answer 1.)

## II. STATUTE OF LIMITATIONS

Title 28, United States Code, § 2244(d) imposes a one-year statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. 28 U.S.C. § 2244(d). Specifically, the provision provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.

---

[1] "01SHR" and "02SHR" refer to the record of petitioner's state habeas-corpus proceedings in WR-86,848-01 & -02, respectively.

[2] A pro se prisoner's federal habeas petition is deemed filed when placed in the prison mailing system. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

2

The limitation period shall run from the latest of—

>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>   (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*Id.* § 2244(d)(1)-(2).

Under subsection (D), applicable to this case, the limitations period begins on the date the petitioner could have discovered the factual predicate of his claim(s) through the exercise of due diligence. Petitioner's parole was revoked on April 8, 2016, and he was returned to TDCJ custody on April 28, 2016. Consequently, at the latest, petitioner discovered or could have discovered the factual predicate of his claims on April 28,

3

2016. *See Lanier v. Thaler,* No. 4:10-CV-045-A, 2010 WL 1558621, at *2 (N.D. Tex. Apr. 19, 2010). Thus, the federal limitations period began on that date and expired one year later on April 28, 2017, subject to any tolling.

Tolling of the limitations period may be appropriate under the statutory tolling provision in § 2244(d)(2) and/or as a matter of equity. Petitioner's time credit dispute resolution proceeding, pending from November 4, 2016, through November 10, 2016, tolled limitations for seven days, making the petition due on or before May 5, 2017. *See Stone v. Thaler,* 614 F.3d 136, 138 (5th Cir. 2010). Petitioner's two relevant state habeas proceedings, both of which were dismissed as noncompliant with the state's form requirements, were not properly filed for purposes of § 2244(d)(2) and did not operate to further toll the limitations period. *See Artuz v. Bennett,* 531 U.S. 4, 8 (2000); *Larry v. Dretke,* 361 F.3d 890, 895 (5th Cir. 2004). Nor has petitioner alleged or demonstrated rare and exceptional circumstances that would justify equitable tolling. *See Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir. 1998). He offers no explanation for his delay, and the record reveals none.

Petitioner's federal petition was due on or before May 5, 2017. His petition filed on October 5, 2018, is therefore

4

untimely.³

For the reasons discussed, it is ORDERED that petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, DISMISSED as time-barred. Petitioner has not made a showing that reasonable jurists would question this court's procedural ruling. Therefore, it is further ORDERED that a certificate of appealability be, and is hereby, denied.

SIGNED October 24, 2019.

JOHN MCBRYDE
UNITED STATES DISTRICT JUDGE

---

³Because the petition is untimely, it is not necessary to address respondent's exhaustion defense.